

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00065-CR

Salvador **SALINAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR12815
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
            Irene Rios, Justice
            Beth Watkins, Justice

Delivered and Filed: April 10, 2024

DISMISSED FOR LACK OF JURISDICTION

Appellant Salvador Salinas seeks to appeal the trial court's judgment adjudicating him guilty. A timely notice of appeal is necessary to invoke this court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The clerk's record shows the trial court adjudicated Salinas guilty and imposed a sentence of five years' confinement on December 12, 2023. His notice of appeal was therefore due by January 11, 2024, or a motion for extension of time due fifteen days later on January 26, 2024. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Salinas's notice of appeal is file-stamped January 29, 2024, and there is nothing in the record indicating Salinas filed

a motion for an extension of time or received an extension in order to timely file his notice of appeal. *See id.* R. 26.3; *see also Olivo*, 918 S.W.2d at 522.

Because it appeared the notice of appeal was untimely filed, we ordered Salinas to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. We admonished Salinas that a failure to satisfactorily respond to this court's order within the time provided would result in the dismissal of the appeal. We further admonished Salinas if a supplemental clerk's record is necessary to show this court's jurisdiction, he had the burden to request the trial court clerk to prepare the record and must file a copy of any such request with this court.

Salinas did not file a response. Accordingly, we dismiss this appeal for lack of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH